**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>           )<br>           Plaintiff, )<br>           )<br>vs.        )<br>           )<br>CLIFFORD JAMES SCHUETT, )<br>           )<br>           Defendant. )<br>_____) | 2:10-cr-118-RLH-RJJ<br><br>**O R D E R**<br>(Motion to Dismiss Restitution–#43) |

Before the Court is Defendant Schuett's **Motion for the Dismissal of Court Ordered Restitution** (#43, filed October 24, 2012). Defendant then filed an Answer to Respondent's Response (#48, although the United States had not yet filed its response). The Government's Response (#50) was filed January 3, 2013, together with an Exhibit (#51). Thereafter, Schuett filed a Supplement (#48) to his Answer to Response.

Defendant Schuett seeks dismissal of his court-ordered restitution on the grounds that he does not have the money to pay it and is disabled. Because the motion is without merit and the without authority to grant it, the motion will be denied.

As part of his sentence, the Court ordered Defendant to pay restitution in the amount of $12,000.00, to the United States Air Force. Defendant's vehicle was transferred to the United States and the proceeds from its sale, in the amount of $6,790.19, was applied toward the restitution order, leaving a balance of $5,380.80. Contrary to Defendant Schuett's allegation, no additional payments have been made toward the balance. Inability to pay restitution is not a basis for reducing the restitution amount.

1

Defendant is to be released in April 2013. Although Defendant has stated no basis or authority for granting his motion, the Court will address statutes that speak to the issue.

Federal Rule of Criminal Procedure 36 speaks to clerical error. However, it may not be used to make this kind of amendment or modification requested by the defendant. It is reserved only to correct minor "clerical mistakes in a judgment order." It may not be used to make a substantive amendment of a criminal sentence. There is no assertion that the Restitution Order contains any kind of mistake. The mere desire to change the amount of the restitution award does not trigger the protections of Rule 36.

Title 18 U.S.C. §3664(k), § 3573(1), §3612(f)(3) and §3612(h) give the Court limited authority to make modifications of restitution orders. They provide the Court with authority to waive or limit payment of interest or penalties, or alter the payment schedule, or require immediate payment in full, but grant no authority to modify the restitution order itself. The ability to remit all or part of the principle balance itself is conspicuously absent from any of these provisions.

IT IS THEREFORE ORDERED that Defendant Schuett's **Motion for the Dismissal of Court Ordered Restitution** (#43) is denied.

Dated: January 17, 2013.

_____
**Roger L. Hunt
United States District Judge**