UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:-10-cr-118-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Sentence Modification– #111; Motion for Sentence Reduction–#112 |
| CLIFFORD JAMES SCHUETT, | Petition for Writ of Habeas Corpus– #113) |
| Defendant. | |

Before the Court is Defendant Clifford James Schuett's Motion for Sentence Modification (#111, Sept. 9, 2013) relating to Defendant's release from the Bureau of Prisons, and Defendant Schuett's Motion for Sentence Reduction (#112, Dec. 12, 2013) based on his deteriorating eye sight. The Government did not file a response to either. Also before the Court is Defendant Schuett's Petition for Writ of Habeas Corpus (#113, Jan. 13. 2014) seeking early release based on a medical condition. The Court has also considered the Government's response (#116, Jan. 23, 2014 ), and Defendant Schuett's request for an expedited ruling (#117, Jan. 24, 2014 ). For the reasons discussed below, the Court denies all three motions.

//

//

**DISCUSSION**

On June 4, 2013, the Court entered an Order revoking Defendant Schuett's supervised release, sentencing him to 12 months in custody with no supervised release to follow. (#83). In September 2013, Defendant Schuett filed Motion for Sentence Modification requesting the Court direct the Bureau of Prisons that he not be forced to return to the District of Nevada upon his release. Then, in December 2013, Defendant Schuett filed a Motion for Sentence Reduction seeking early release to have cataract surgery in both his eyes because of the Bureau of Prisons' refusal to give him surgery. Again, in January 2014, Defendant Schuett filed a Habeas Petition seeking the same early release to have cataract surgery for the same reasons stated in his Motion for Sentence Reduction.

**1.   Place of Release**

When a prisoner does not have a term of supervision to follow his sentence, the Bureau of Prisons shall provide "transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence within the United States, or to such other place within the United States as may be authorized by the Director." 18 U.S.C. § 3624(d)(3).

Here, because Defendant Schuett has no term of supervised release to follow his sentence, the Court would have no jurisdiction over Defendant Schuett once he has been released. Moreover, the determination of where a prisoner should be released sits squarely within the discretion of the Bureau of Prisons. Therefore, the Court cannot grant Defendant Schuett's request to change his place of release. However, the Court notes that the statute contemplates several potential districts in which a prisoner may be released. Defendant Schuett may request an alternate district to ensure a more favorable reentry, but must make that request to the Bureau of Prisons, not this Court. The Motion for Sentence Modification is denied.

**2.   Sentence Modification**

A district court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 130 S.Ct. 2683, 2687 (2010) (quoting 18 U.S.C. §

AO 72
(Rev. 8/82)

3582(c)). However, Congress has provided several exceptions to this general rule. One exception is that a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Rule 35(a) allows for the Court to correct its own clear error within 14 days of sentencing. Rule 35(b) allows sentence reduction upon the Government's motion for substantial assistance. A court may not grant a Rule 35 motion "solely on its findings that [the defendant] would not receive adequate medical care in prison, and that he did not pose a danger to the community." *United States v. Tadio*, 663 F.3d 1042, 1048 (9th Cir. 2011)(citing *United States v. Clawson*, 650 F.3d 530, 537 (4th Cir. 2011).

Here, Defendant Schuett has not identified, nor can the Court find, any precedent under which the Court could order early release for Defendant Schuett to obtain cataract surgery. In fact, even if the Court were to find that Defendant Schuett was not receiving adequate medical care, which it does not, the Court is strictly prohibited from modifying or reducing his sentence on that basis. Accordingly, the Motion for Sentence Reduction is denied.

**3.      Habeas Corpus Petition**

28 U.S.C. § 2255 provides that a prisoner may seek to vacate, set aside or correct a sentence imposed if the sentence is unconstitutional, the Court lacked jurisdiction to impose the sentence, the sentence is in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

Here, Defendant Schuett's petition does not seek § 2255 relief. Defendant Schuett does not challenge the constitutionality of the sentence, this Court's jurisdiction, or the length of the sentence imposed, nor does he collaterally attack the sentence. Therefore, the Court denies the motion to the extent it is brought under § 2255.

Defendant Schuett challenges the manner or conditions of his sentence *vis a vis* his inability to receive cataract surgery while incarcerated. Assuming Defendant Schuett has exhausted his administrative remedies, he must bring that challenge in the district in which he is incarcerated.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion for Sentence Modification (#111, Sept. 9, 2013) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Sentence Reduction (#112, Dec. 12, 2013) is DENIED.

IT IS FURTHER ORDERED that Defendant's Petition for Writ of Habeas Corpus (#113, Jan. 13. 2014) is DENIED.

Dated: January 27, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**